MICHAEL TOPF ˙ET AL. v. THE WEST SHORE AND ONTARIO
TERMINAL COMPANY.

1. Misjoinder of counts will support a demurrer to the whole declaration,
   but it is not a defect which will make an individual count bad.   The
   demurrer being to the individual count, must be overruled.
2. An allegation that the defendant knowingly permitted a third person
   to use the property of the defendant in a manner that was, *per se*, injur-
   ious to the adjacent land of plaintiff, imputes an actionable wrong to
   him.

On demurrer to *narr*.

Argued at November Term, 1883, before BEASLEY, CHIEF
JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiffs, *A. Zabriskie*.

For the defendant, *A. Q. Garretson*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The action is in case.   The first and
third counts are in case, and the second count of the declara-
tion is in trespass.

The defendant has demurred to the second count, and also
to the third count.

The second count being in trespass is misjoined.   Mis-
joinder of counts will support a demurrer to the whole decla-
ration, but it is not a defect which makes the single count
bad.   The demurrer being to the individual count, must be
overruled.   *Kingdon* v. *Nottle*, 1 *M. & S.* 355 ;  *Brill* v. *Neele*,
1 *Chitty* 619 *n.;* 1 *Chitty's Pl.* 206.

The third count alleges that the defendant knowingly per-
mitted a third person to use the property of the defendant in
a manner that was, *per se*, injurious and destructive to the
adjacent land of the plaintiff.   The count, in substance, im-

putes co-operation of the defendant in the alleged wrongful act.

This count does not present the defendant in the character of an employer who employs an independent contractor to execute a work not in itself a nuisance. On the contrary, it charges that the undertaking was, *per se,* dangerous and destructive, and the alleged fact that the defendant permitted his property to be used for such purpose makes him a participant in the injurious act.

The rule which exempted the company from liability in *Cuff* v. *Newark and New York R. R.,* 6 *Vroom* 17, is not applicable here.

There the work to be done was not in itself a nuisance, and the injury resulted from the negligence of a contractor exercising an independent employment.

Here the averments of the declaration show that without the assent of the defendants the alleged wrong could not have been perpetrated.

This fact brings the case within the legal principle upon which the judgment in *Del., Lack. & West. R. R.* v. *Salmon,* 10 *Vroom* 299, was supported. In that case Justice Depue, after stating that the injury was caused by the locomotive of another corporation which was permitted by the defendant to use its track, said: "The defendants' road was under their management and control. The track and road-bed were under their control and possession, and if they knowingly suffered and permitted another company to make it a place of danger they are responsible in damages."

The demurrer is not well taken to either count.